THE STATE OF NEBRASKA, EX REL. SAMUEL J. STEV-
ENSON, v. RICHARD A. WHITE.

Cities of Second Class: VACANCY IN OFFICE OF POLICE
JUDGE. In 1881, N. City was a city of the second class,
having not less than fifteen hundred inhabitants. In that year
W. was elected police judge of that city and was re-elected in
1883 and 1885, and qualified, and has continuously performed
the duties of the office. In 1886, N. City was declared a
city of the second class, having not less than five thousand in-
habitants, and S. was elected police judge thereof, and there-
upon brought an action to oust the incumbent from that position
and to be installed therein; *Held*, There being no provision in
the statute declaring the office of police judge vacant, that the
mere change from a city of the second class of the minimum
number of fifteen hundred to a city of the second class of not
less than five thousand inhabitants did not vacate the office of
police judge, the duties in each case being substantially the
same.

QUO WARRANTO.

*Samuel J. Stevenson* (*Frank T. Ransom* with him),
*pro se.*

*John C. Watson*, for respondent.

MAXWELL, CH. J.

In 1881, Nebraska City was a city of the second class,
having more than fifteen hundred and less than twenty-
five thousand inhabitants, and in that year the defendant
was elected police judge of said city for the term of two
years. In 1883, and again in 1885, he was re-elected and
qualified, and under his election in 1885, is now perform-
ing the duties of the office. In 1885, the legislature
passed an act to amend certain sections of the " act to pro-
vide for the organization, provision, and powers of cities
of the second class having more than ten thousand inhab-

itants," approved March 1st, 1883, and another act amend-
ing certain sections of the act of March, 1883. Under
these amendments all cities having more than five thous-
and inhabitants, and less than thirty-five thousand, were,
upon the proclamation of the governor to that effect, to be-
come cities of the second class, having more than five
thousand inhabitants, and to be governed by the provis-
ions of the statute in relation to such cities. Comp. Stat.,
Chap. 14, Art. II.

Section eleven, as amended, provides for annual elec-
tions, and for the election of a mayor, treasurer, clerk, and
police judge, each of whom shall hold his office for the
the term of two years.

Under this amended statute Nebraska City was de-
clared to be a city of the second class under the act of
1881, as amended in 1883 and 1885. It must be under-
stood that this description of cities of the second class oc-
cupies an intermediate grade between cities having not less
than fifteen hundred inhabitants, and less than twenty-five
thousand inhabitants, and cities of the first class, and is
governed by a statute differing in some of its powers and
details from cities of the second class containing not less
than fifteen hundred inhabitants.

The relator was elected police judge at the annual elec-
tion in April, 1886, and now seeks to oust the defendant
from that office. The question for determination is, did
the change of the government of Nebraska City from a
city of the second class of not less than fifteen hundred
inhabitants to a city of the second class of not less than
five thousand inhabitants vacate the office of police judge?
We find nothing in the statute in relation to the matter,
nor that any of the city officers whose term had not ex-
pired should cease to exercise the duties of his office.
Neither has any case been cited showing that such result
would naturally follow the change of the form of govern-
ment. Although the form of government of a city may

change in some of its details, the corporation itself does not change; it is still a city, with its liabilities and duties differing in some respects, but substantially the same, whether clothed with the powers of a city of the second class of the minimum number of fifteen hundred or of five thousand. The duties of police judge are substantially the same whether performed under the former city government or the present. There would seem to be no necessity therefore for declaring the office vacant in the middle of the term of the present incumbent, and in the absence of any expression of the legislative will on that subject we must hold that the term of the defendant does not expire until 1887. The writ must therefore be denied and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.